## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **DAVID L. GEERTS and** | ) | |
| **JULIE A. NORMAN-GEERTS,** | ) | **Case No.  17-80321** |
| | ) | |
| Reorganized Debtors. | ) | |

### NOTICE OF HEARING ON FIRST AND FINAL APPLICATION FOR AWARD OF PROFESSIONAL COMPENSATION AND EXPENSES

TO:   See attached service list.

HolmstromKennedyPC has filed papers with the Court to seek an Award of Professional Compensation and Expenses in the amount of $163,980.00 for services rendered and expenses incurred in the amount of $3,878.42 as counsel for David L. Geerts and Julie A. Norman-Geerts, Debtors and Reorganized Debtors, from February 17, 2017 through March 28, 2018.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Application, you or your attorney must:

1.   File a written response to the Application on or before the date set for the hearing on the Objection at:

Clerk of Court
United States Bankruptcy Court
Stanley J. Roszkowski – U.S. Courthouse
327 South Church Street
Rockford, IL 61101

OR

2.   Attend the hearing scheduled to be held on **Wednesday, July 11, 2018 at 10:30 a.m.** at the United States Bankruptcy Court, 327 South Church Street, Rockford, Illinois 61101.

If you mail your Objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy of your Objection to:

Attorney Jocelyn L. Koch
HolmstromKennedyPC
P.O. Box 589
Rockford, IL 61105-0589

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an Order granting that relief.

Dated: June 20, 2018

David L. Geerts and Julie A. Norman-Geerts,
Reorganized Debtors,

BY:   HOLMSTROMKENNEDYPC,
Their Attorneys

BY:   _____
One of its Attorneys

ATTORNEY BRADLEY T. KOCH #3122997
ATTORNEY JOCELYN L. KOCH #6298482
HolmstromKennedyPC
800 North Church Street
P.O. Box 589
Rockford, IL 61105-0589
(815) 962-7071
bkoch@hkrockford.com
jkoch@hkrockford.com

## PROOF OF SERVICE

The undersigned, being first duly sworn, states that a copy of the foregoing **Notice of Hearing** and **First and Final Application for Award of Professional Compensation and Expenses** were served upon the parties and attorneys of record herein, by either the Court's ECF Notification System or by depositing said envelope, with postage fully prepaid by first class mail, in the United States Post Office mailbox in Rockford, Illinois on the 20th day of June, 2018:

Community State Bank
c/o Attorney William J. Barrett
Barack Ferrazzano Kirschbaum
& Nagelberg LLP
200 W. Madison St., Suite 3900
Chicago, IL 60606

Attorney Debra L. Schneider
Office of the U.S. Trustee, Region 11
780 Regent Street, Suite 304
Madison, WI 53715

Attorney Nicole I. Pellerin
Attorney Brian P. Thill
Attorney Jane F. (Ginger) Zimmerman
Murphy Desmond S.C.
33 E. Main Street, Suite 500
Madison, WI 53703

### With a copy of the Notice <u>only</u> forwarded to the below-named individuals:

Attorney Mary A. Corrigan
Attorney Mark A. Bogdanowicz
Howard & Howard
Attorneys PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602

American Express
P.O. Box 981535
El Paso, TX 79998-1535

Capital One (USA), N.A. by American
InfoSource LP as agent
P.O. Box 71083
Charlotte, NC 28272-1083

Chadwick Oil & AG Services, Inc.
P.O. Box 205
Chadwick, IL 61014

Chase Slate
P.O. Box 15298
Wilmington, DE 19850-5298

CNH Industrial Capital America LLC
P.O. Box 3600
Lancaster, PA 17604

CNH Productivity Plus Account
P.O. Box 78004
Phoenix, AZ 85062-8004

Community State Bank
1325 17th Street
Fulton, IL 61252

Consolidated Grain and Barge Co.
928 Walton Road
Dixon, IL 61021

David Conner
6605 N. Smith Road
Edwards, IL 61528

Department of Defense
US Army Corps of Engineers
Clock Tower Building
P.O. Box 2004
Rock Island, IL 61204-2004

Eastern Iowa Petro
4540 Lincolnway Street
Clinton, IA 52732

Gurstel Law Firm, P.C.
4401 Weston Parkway, Suite 370
West Des Moines, IA 50266

IH Mississippi Valley Credit Union
P.O. Box 1010
Moline, IL 61266

John Deere Financial
Attn: Jerry McMains
P.O. Box 6600
Johnston, IA 50131

Ken & Mike Rentals
118 E. Main Street
Morrison, IL 61270

Merchants Bank Equipment Finance
Attn: Corey Hothan
7600 Parklawn Avenue, Suite 384
Minneapolis, MN 55435

Stacy Wellford
Midwestern BioAg, Inc.
918 Deming Way, Suite 200
Madison, WI 53717

PHI Financial Services
P.O. Box 733260
Dallas, TX 75373

QC Dental Docs, P.C.
3024 Victoria Street
Bettendorf, IA 52722

Sheffield Financial
P.O. Box 580229
Charlotte, NC 28258-0229

Southeast National Bank Visa
P.O. Box 790408
Saint Louis, MO 63179

Kenneth G. Schipper
c/o Attorney Bernard J. Natale
1639 N. Alpine Rd., Suite 401
Rockford, IL 61107

US Department of Agriculture
Whiteside Co. Farm Service Agency
16255 Liberty St.
Morrison, IL 61270

Attorney W. Kent Carter
Gordon & Rees LLP
One N. Franklin St., Suite 800
Chicago, IL 60606

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Attorney Gary E. Green
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, IL 60601-7553

Soil Service
P.O. Box 403
91 South Adams
Carthage, IL 62321

Kay Spidahl
Chadwick Oil & AG Services, Inc.
P.O. Box 205
Chadwick, IL 61014

Ken Kophamer/Blean Realty
118 East Main Street
Morrison, IL 61270

Attorney Douglas R. Lindstrom Jr.
Lane & Waterman
220 N. Main Street, Suite 600
Davenport, IA 52801

Farm Credit Services of America
c/o Attorney Jeffrey D. Richardson
132 S. Water St., Suite 444
Decatur, IL 62523

*Linda S. Hedlund*

Subscribed and sworn to before me
this 20th day of June, 2018.

_____
Notary Public

OFFICIAL SEAL
JENNY M. HANCOCK
Notary Public, State of Illinois
My Commission Expires 04/28/22

ATTORNEY BRADLEY T. KOCH #3122997
ATTORNEY JOCELYN L. KOCH #6298482
HolmstromKennedyPC
800 North Church Street
P.O. Box 589
Rockford, IL 61105-0589
(815) 962-70714
bkoch@hkrockford.com
jkoch@hkrockford.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **DAVID L. GEERTS and** | ) | |
| **JULIE A. NORMAN-GEERTS,** | ) | **Case No. 17-80321** |
| | ) | |
| Reorganized Debtors. | ) | |

### FIRST AND FINAL APPLICATION FOR AWARD OF
### PROFESSIONAL COMPENSATION AND EXPENSES

HolmstromKennedyPC ("Applicant"), attorneys for David L. Geerts ("David") and Julie A. Norman-Geerts ("Julie"), Reorganized Debtors (collectively, "Reorganized Debtors"), for its First and Final Application for Award of Professional Compensation and Expenses pursuant to Sections 328, 330, 501, and 503(b)(2) of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 5082-1, states:

### INTRODUCTION

The Reorganized Debtors commenced this bankruptcy proceeding by filing a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code on February 17, 2017. On March 14, 2017, the Reorganized Debtors filed with the Bankruptcy Court an Application for Employment of Attorneys requesting authorization to retain Applicant as their counsel in this case. The Office of the United States Trustee raised several informal objections with Applicant concerning the Application. In order to resolve the informal objections of the United States Trustee, Applicant prepared and filed a supplemental affidavit in further support of the Application. On March 22, 2017, after the conduct of a hearing before this Court, an Order was entered approving the employment of Applicant as counsel for the Reorganized Debtors in this bankruptcy proceeding effective February 17, 2017.

Since the commencement of this bankruptcy proceeding, Applicant has represented the Reorganized Debtors as bankruptcy counsel in all matters before this Court. This is the first Application for an award of professional compensation and expenses by Applicant.

## ATTORNEYS REPRESENTING DEBTOR

The Reorganized Debtors have been represented by several attorneys employed by Applicant. The primary attorneys representing the Reorganized Debtors in this case have been Bradley T. Koch, partner with Applicant, who has practiced before this Court in a variety of matters over a period in excess of thirty-five (35) years and Jocelyn L. Koch, partner with Applicant, who has practiced before this Court in a variety of matters over a period in excess of eight (8) years. The Reorganized Debtors were also provided legal services by Allison M. Huntley, an attorney formerly associated with Applicant. The applicable hourly rates for the attorneys involved the representation of the Reorganized Debtors in this bankruptcy proceeding are as follows:

| | |
|---|---|
| Bradley T. Koch | $325.00 per hour |
| Jocelyn L. Koch | $275.00 per hour |
| Allison M. Huntley | $185.00 per hour |

## ADMINISTRATION OF CASE

Applicant has provided the Reorganized Debtors with a variety of services involving the administration of their bankruptcy proceeding. Applicant assisted the Reorganized Debtors in the preparation and filing of their Schedules and Statement of Financial Affairs and in the preparation and filing of certain amendments to the Schedules and Statement of Financial Affairs. Applicant attended the first meeting of creditors, as well as the continued first meetings of creditors, with the Reorganized Debtors and assisted and advised the Reorganized Debtors in the preparation and filing of monthly status reports with the Office of the United States Trustee.

2

Applicant also assisted the Reorganized Debtors in communicating with the Office of the United States Trustee and complying with their requirements as Debtors in Possession.

Applicant assisted the Reorganized Debtors in obtaining Bankruptcy Court approval for the retention of Water Street Solutions ("Accountants") as accountants to provide services to the Reorganized Debtors including the preparation and filing of tax returns and any required extensions, as well as any other necessary accounting services for the Reorganized Debtors relating to the Bankruptcy Proceeding. To that end, Applicant prepared and filed an Application to Employ the Accountants for the Reorganized Debtors. On September 22, 2017, this Court entered an Order approving the retention of the Accountants.

Prior to the commencement of their Bankruptcy Proceeding, a bridge situated upon property of the Reorganized Debtors ("Brummel Farm Bridge") was destroyed by a tenant farmer and, consequently, required extensive repair. Applicant assisted the Reorganized Debtors in reviewing the applicable insurance policies, obtaining estimates and quotes for the repair, and facilitating communication with counsel for the largest secured creditor, Community State Bank ("Bank"), concerning the use of cash collateral to repair the Brummel Farm Bridge. Applicant also represented the Reorganized Debtors in preparing and filing a claim with the probate estate against the decedent – the former tenant farmer – for the costs and expenses incurred in repairing the Brummel Farm Bridge which remains pending.

Applicant further assisted the Reorganized Debtors in evaluating and addressing various post-petition issues with certain creditors. This included violations of the automatic stay by creditors commencing litigation against the Reorganized Debtors. Additionally, Applicant has worked with the Reorganized Debtors in analyzing and evaluating the claims of their creditors that were filed in the Bankruptcy Proceeding.

Applicant communicated with the Bank and its counsel concerning the maintenance, preservation, and sale of certain collateral including the coordination of the sale of corn as well as the deposit of pre-petition proceeds from the sale of crops into the cash collateral account. Applicant further represented the Reorganized Debtors in responding to a Motion for Rule 2004 Examination filed by the Bank which included the production of documents. Applicant negotiated extensively with counsel for the Bank concerning the use of cash collateral for the payment of real estate taxes on the farm properties of the Reorganized Debtors, the repair of the Brummel Farm Bridge, and the purchase of seed under the Conservation Reserve Program contracts with the United States Department of Agriculture as well as an adequate protection payment to the Bank. On September 22, 2017, an Agreed Order was entered by this Court authorizing the use of cash collateral consistent with the terms of the agreement between the Bank and the Reorganized Debtors.

Applicant represented the Debtors in preparing and filing a Motion for Extension of the Exclusive Time to File a Plan. On June 14, 2017, the Bankruptcy Court entered an Order extending the exclusive time for the Debtors to file their Plan. A Creditors Committee, as provided under Section 1102 of the Bankruptcy Code, was appointed in the Bankruptcy Proceeding and counsel for the Creditors Committee was subsequently employed. Applicant communicated with counsel for the Creditors Committee and worked with their counsel throughout the pendency of the Bankruptcy Proceeding.

The following individuals performed services for the Reorganized Debtors relating to the administration of their bankruptcy case:

| Attorney Name | Time Spent | Total |
|---|---|---|
| Bradley T. Koch | 30.50 hours | $9,912.50 |
| Jocelyn L. Koch | 160.80 hours | $44,220.00 |
| Total: | 191.30 hours | $54,132.50 |

## LEASE AND MARKETING FOR SALE OF FARM REAL ESTATE

As of the commencement of the Bankruptcy Proceeding, the Reorganized Debtors owned certain farm real estate. The Reorganized Debtors' farm real property consisted of a farm situated in Rock Island County, Illinois commonly known as the Schipper Farm, farms situated in Whiteside County, Illinois commonly known as the Brummel Farm and Home Farm and real estate at 2012 16th Street, Fulton, Illinois commonly referred to as the Development Lots. The Reorganized Debtors were indebted to the Bank in the amount of $4,563,010.83 as set forth within the Proof of Claim filed by the Bank. The Bank's claim was secured by a mortgage against the Home Farm, Schipper Farm, Brummel Farm, and Development Lots and a security interest in the Reorganized Debtors' farm equipment.

Applicant prepared and on April 5, 2017, filed an Application to Employ Ken Duncan ("Duncan") as Real Estate Broker in the Bankruptcy Proceeding to market the Schipper Farm, Brummel Farm and Development Lots for sale and prepared other pleadings in support of the Application. On April 28, 2017, the Bankruptcy Court entered an Order authorizing the employment of Duncan as real estate broker to list and market the Schipper Farm, Brummel Farm and Development Lots for sale. Applicant regularly communicated with Duncan as to the progress of the marketing and sale of the Schipper Farm, Brummel Farm and Development Lots and assisted the Reorganized Debtors in evaluating any offers submitted by potential buyers.

The Reorganized Debtors further agreed to lease the tillable acreage of their farm real estate during the pendency of the bankruptcy proceeding in order to generate funds for the payment of creditors' claims and to assist the Reorganized Debtors' efforts to reorganize their business. Applicant prepared and on April 5, 2017, filed Motions to Authorize the lease of the tillable acreage of the Schipper Farm, Brummel Farm and Home Farm (collectively, "Lease

Motions"). Applicant communicated with the United States Trustee's Office, counsel for the Bank and counsel for the Creditors Committee concerning the Lease Motions and addressed and resolved a limited Objection filed by the Bank. The Bankruptcy Court conducted two (2) hearings upon the Lease Motions. On April 12, 2017, April 19, 2017 and April 24, 2017, the Bankruptcy Court entered orders granting the Lease Motions and the leasing of the tillable acreage of the Schipper Farm, Brummel Farm and Home Farm with the rents to be paid to the Reorganized Debtors and deposited into the cash collateral debtor in possession account.

The following individuals have performed services for the Reorganized Debtors relating to the lease and marketing for sale of the farm real estate:

| Attorney Name | Time Spent | Total |
|---|---|---|
| Bradley T. Koch | 3.10 hours | $1,007.50 |
| Jocelyn L. Koch | 44.40 hours | $12,210.00 |
| Total: | 47.50 hours | $13,217.50 |

## MOTIONS FOR STAY RELIEF

Several other secured creditors possessed liens against specific pieces of equipment and/or farm real estate. Several creditors filed Motions for Stay Relief with the Bankruptcy Court. Applicant represented the Reorganized Debtors in resolving the Stay Motions which included negotiating and communicating with counsel for the secured creditor, the Creditors Committee, the Bank, as well as the US Trustee's office. The Stay Motions can be summarized as follows:

1.    **Motion for Relief from Stay – Merchants.** Upon the filing of this case, David was indebted to Merchants Bank Equipment Finance ("Merchants") in the approximate amount of $177,315.92 which was secured by a lien against the excavator. On April 7, 2017, Merchants filed a Motion for Relief from the Automatic Stay with the Bankruptcy Court with respect to the

excavator. The Reorganized Debtors opposed the Stay Motion filed by Merchants and Applicant assisted the Reorganized Debtors in both their opposition to the Motion as well as through extensive negotiations with Merchants.

A number of hearings were conducted on the Stay Motion (April 26, 2017; May 10, 2017; May 17, 2017; May 31, 2017), which was ultimately resolved after negotiations the terms of which were memorialized in a Stipulation jointly prepared by Applicant and counsel for Merchants. On June 5, 2017, Merchants and the Reorganized Debtors filed a Joint Stipulation for Adequate Protection ("Merchants Stipulation") which was subsequently approved by the Bankruptcy Court so as to resolve the Stay Motion. The Merchants Stipulation provided, in pertinent part, for the Reorganized Debtors to make monthly installment payments in the amount of $2,000.00 each to Merchants through confirmation of any Plan in the bankruptcy case. Thereafter, the Reorganized Debtors have paid monthly payments in the amount of $2,000.00 to Merchants pursuant to the Merchants Stipulation. Applicant has assisted the Reorganized Debtors in communicating with Merchants concerning the making of payments and any other necessary actions concerning the excavator including, but not limited to, the maintenance of insurance.

2.    **Motion for Relief from Stay – AgCo Finance, LLC.** Upon the filing of this case, David was indebted to AgCo Finance, LLC ("AgCo") for $90,280.29 which was secured by a lien against a Massey Ferguson 6616 Tractor ("Tractor") and a Massey Ferguson 956 Loader ("Loader") and an unsecured claim in the amount of $49,616.10. On April 25, 2017, AgCo filed a Motion for Relief from Automatic Stay with the Bankruptcy Court so as to commence proceedings to foreclose upon its security interest in and to the Tractor and Loader. The Reorganized Debtors opposed the Stay Motion filed by AgCo and Applicant assisted the

Reorganized Debtors in both their opposition to the Motion as well as through extensive negotiations with AgCo.

A number of hearings occurred upon the Stay Motion (May 3, 2017; May 10, 2017; May 17, 2017; May 31, 2017; June 28, 2017; July 12, 2017; July 31, 2017) while the parties conducted settlement negotiations. A resolution of the Stay Motion was reached with AgCo which was memorialized in an Agreed Order jointly prepared by Applicant and counsel for AgCo. On July 31, 2017, the Bankruptcy Court entered the Agreed Order resolving the Stay Motion through the Reorganized Debtors' surrender of all of their right, title, and interest in and to the Tractor and Loader to AgCo in full satisfaction of any and all indebtedness of the Debtors to AgCo. On July 31, 2017, the Bankruptcy Court also entered an Order withdrawing the claims filed by AgCo in this Bankruptcy Proceeding. Thereafter, the Reorganized Debtors and AgCo executed a Voluntary Surrender Agreement which was prepared by Applicant, and Applicant facilitated the surrender of the Tractor and Loader by the Reorganized Debtors to AgCo.

3.   **Motion for Relief from Stay – John Deere.** Upon the filing of this case, David was indebted to John Deere for $42,714.19 which was secured by a lien against a 2012 John Deere 1770NT CCS (the "Planter"). On May 2, 2017, John Deere filed a Motion for Relief from Automatic Stay with the Bankruptcy Court with respect to its lien in the Planter. The Reorganized Debtors opposed the Stay Motion filed by John Deere and Applicant assisted the Reorganized Debtors in both their opposition to the Motion as well as through extensive negotiations with John Deere. A number of hearings were conducted upon the Stay Motion (May 17, 2017; May 31, 2017; June 28, 2017; July 12, 2017), while John Deere and the Reorganized Debtors negotiated a possible resolution of the Stay Motion. A resolution of the Stay Motion was memorialized in a Stipulation jointly prepared by Applicant and counsel for John Deere which

was filed with the Bankruptcy Court on July 12, 2017, which provided, in pertinent part, that the Planter would be sold in the auction sale of equipment.

4.    **Motion for Relief from Stay – Bank.** Upon the filing of this case, the Debtors were indebted to the Bank in the amount of $4,563,010.83 as set forth in a Proof of Claim filed by the Bank. The Bank's claim was secured by a mortgage against the Home Farm, Schipper Farm, Brummel Farm, and Development Lots and a security interest against the Debtors' farm equipment. In addition, the Debtors were also indebted to the Bank for $37,226.70 secured by a separate mortgage against their personal residence at 7225 Cordova Road, Erie, Illinois ("Personal Residence"). On July 13, 2017, the Bank filed a Motion for Relief from Automatic Stay with the Bankruptcy Court so as to commence proceedings to foreclose upon its mortgages and liens. The Reorganized Debtors opposed the Stay Motion filed by the Bank and Applicant assisted the Reorganized Debtors in both their opposition to the Motion as well as through extensive negotiations with the Bank. A number of hearings were conducted upon the Stay Motion (July 19, 2017; September 22, 2017; October 27, 2017; January 3, 2018; February 7, 2018; March 28, 2018), during which time Applicant conducted negotiations with counsel for the Bank and other interested parties. The Stay Motion filed by the Bank was resolved pursuant to the Plan which has been confirmed and is next set for hearing on June 27, 2018.

5.    **Stipulation for Relief from Stay – Stearns Bank**. Upon the filing of this case, David was indebted to Stearns Bank – EFD ("Stearns") for $45,304.68 which was secured by a lien against a 2014 Maschio Gaspardo Folding Disc Harrow ("Harrow") which was not necessary for an effective reorganization. Applicant assisted the Reorganized Debtors through extensive negotiations with counsel for Stearns to resolve their lien and indebtedness. The indebtedness and lien of Stearns was resolved and memorialized in a Stipulation jointly prepared

9

by Applicant and counsel for Stearns. On September 7, 2017, Stearns filed the Stipulation as to Relief from Automatic Stay ("Stearns Stipulation") which was subsequently approved by the Bankruptcy Court. The Stearns Stipulation provided that the Reorganized Debtors were to surrender all their right, title, and interest in and to the Harrow to Stearns in full satisfaction of any and all indebtedness of the Reorganized Debtors to Stearns including any indebtedness evidenced by any claims filed by Stearns in the bankruptcy case. Thereafter, the Applicant assisted the Reorganized Debtors in the surrender of the Harrow to Stearns in full satisfaction of all debt and claims owed to Stearns as well as through the execution of a Voluntary Surrender Agreement prepared by Applicant.

6. **Motion for Relief from Stay – CNH.** Upon the filing of this case, David was indebted to CNH Industrial Capital America, LLC ("CNH") for $152,309.43 secured by a lien against a Case IH 2013 Magnum Tractor ("Case Tractor") and for $33,148.07 secured a lien against a 2014 McFarland Plow ("Plow"). On October 4, 2017, CNH filed a Motion for Relief from Automatic Stay with the Bankruptcy Court with respect to its lien in the Case Tractor and Plow. The Reorganized Debtors opposed the Stay Motion filed by CNH and Applicant assisted the Reorganized Debtors in both their opposition to the Motion as well as through extensive negotiations with CNH. Applicant also reviewed and investigated the Proofs of Claim filed by CNH and their amendments including the valuation of the collateral. Ultimately, after two hearings, on November 15, 2017, the Bankruptcy Court entered an Order granting CNH relief from the automatic stay so as to allow CNH to foreclose upon its lien, security interest, and encumbrance against the Case Tractor and Plow.

The following individuals performed services for the Debtor relating to the Motions for Stay Relief:

| Attorney Name | Time Spent | Total |
|---|---|---|
| Bradley T. Koch | 5.00 hours | $1,625.00 |
| Jocelyn L. Koch | 56.90 hours | $15,647.50 |
| **Total:** | **61.90 hours** | **$17,272.50** |

## AUCTION SALE OF FARM EQUIPMENT

After a number of meetings with Applicant, the Reorganized Debtors determined that, in their reorganization, they would cease their farming operations with David devoting himself to the operation of his excavating business. In furtherance of their reorganization, with Applicant's assistance, the Reorganized Debtors identified farm equipment that could be sold at an auction. On July 21, 2017, filed an Application and supporting documents to employ Steven J. Almburg as auctioneer to sell farm equipment at an auction.

On August 11, 2017, the Bankruptcy Court entered an Order ("Equipment Auction Order") authorizing the Debtors to employ Almburg Auctioneering, Inc. ("Almburg") to sell certain farm equipment by public auction. In furtherance of the conduct of the auction, David executed an Equipment Auction Agreement ("Agreement") with Almburg which provided, in pertinent part, for the equipment to be sold through an on-line internet auction utilizing Auction Time, an internet auction service, with auctions occurring every Wednesday prior to October 31, 2017 when the auction of the equipment was to be concluded.

During the conduct of the auction, Applicant assisted the Reorganized Debtors in the preparation and periodic filing and service of reports with the Court (the "Reports") regarding the results of the auction which set forth for each item of equipment sold at the auction: the identity of the prevailing, successful bidder, gross sales price, costs and expenses of sale including a commission payable to Almburg, net sales proceeds and the identity of the person or creditor who is to receive the net sales proceeds. Upon the completion of the auction sale of the

equipment, the Third and Final Report of Auction Sale of Equipment was filed with the Bankruptcy Court. In connection with the filing of the Third and Final Report of Auction Sale of Equipment, Applicant facilitated a resolution of a dispute between John Deere and the Bank concerning the amount of net sales proceeds from the sale of the Planter to be disbursed to each which was subsequently memorialized in a Stipulation filed with the Bankruptcy Court. All net proceeds were deposited into the cash collateral account and distributed to the parties identified within the Reports – primarily the Bank.

The following individuals performed services for the Reorganized Debtors relating to the Auction Sale of the Farming Equipment:

| Attorney Name | Time Spent | Total |
|---|---|---|
| Bradley T. Koch | 46.60 hours | $15,145.00 |
| Jocelyn L. Koch | 17.40 hours | $4,785.00 |
| **Total:** | **64.00 hours** | **$19,930.00** |

## AUCTION SALE OF FARM REAL ESTATE

The Bankruptcy Estate included the Schipper Farm, Brummel Farm, Home Farm and Development Lots (collectively, "Farm Properties"). The Farm Properties were encumbered by mortgages in favor of the Bank to secure the payment of its indebtedness.

Applicant prepared and filed an Application to Employ Duncan as an auctioneer and to sell the Farm Properties by public auction. The United States Trustee and Creditors Committee raised informal objections to the Application and Applicant was able to resolve those objections after a meeting with counsel for the affected parties. On October 27, 2017, the Bankruptcy Court entered an Order granting the Application to employ Duncan and to sell the Farm Properties by a public auction ("Auction Order"). Applicant worked with Duncan and counsel for the Bank in the advertising and conduct of the auction. An all-day auction of all of the Farm Properties (other than the Development Lots) was held on December 13, 2017 and was attended by counsel for the

Bank, representatives of the Bank, Reorganized Debtors, and Applicant. No property was sold at the auction; however, the auction resulted in the identification of high bids for the Schipper Farm and a portion of the Home Farm. The Applicant communicated extensively with the Buyers, and Buyers' counsel, concerning the execution of Contracts for Purchase, requests for surveys, the preparation of Deeds and Amendments and other services attendant to a closing of a sale of real property. The Applicant also facilitated communication between Duncan, the Reorganized Debtors and the Bank to identify additional Buyers for the remaining parcels of real estate.

Ultimately, the sale of a substantial portion of the remainder of the Home Farm was obtained and a Contract to Purchase executed. Additionally, the Applicant worked with counsel for the Bank to negotiate and prepare Motions to approve the Bank's purchase of the remaining parcels of the Farm Properties which were not sold by credit bid. The process of selling the remaining Farm Properties was not completed prior to confirmation of the Plan but the sale of the Schipper Farm, Brummel Farm and portion of the Home Farm have been since approved by the Bankruptcy Court and closed.

The following individuals performed services for the Reorganized Debtors relating to the Auction Sale of the Farm Real Estate:

| Attorney Name | Time Spent | Total |
|---|---:|---:|
| Bradley T. Koch | 138.90 hours | $45,142.50 |
| Jocelyn L. Koch | 45.60 hours | $12,540.00 |
| Allison M. Huntley | 1.00 hours | $185.00 |
| **Total:** | **185.50 hours** | **$57,867.50** |

13

## PREPARATION OF PLAN AND DISCLOSURE STATEMENT

Applicant assisted the Reorganized Debtors in the preparation of a Plan and Disclosure Statement which were filed with the Bankruptcy Court on September 15, 2017. Applicant also prepared a Motion to Approve Combined Hearing on Adequacy of Disclosure Statement with Hearing on Confirmation of the Plan of Reorganization which was also filed on September 15, 2017. The United States Trustee filed a formal Objection to the Motion to Approve Combined Hearing on September 19, 2017 and the Creditors Committee filed an Objection to the same Motion on September 21, 2017. At the Hearing on September 22, 2017, the Reorganized Debtors withdrew the Motion to Approve Combined Hearing.

The United States Trustee and Creditors Committee also raised a number of informal objections to the Disclosure Statement. As a result of the informal objections raised by the Office of the United States Trustee and the Creditors Committee, the Reorganized Debtors and Applicant worked with counsel for the Bank, the United States Trustee, the Creditors Committee and other counsel for secured creditors to prepare and circulate an Amended Plan and Disclosure Statement. On December 5, 2017, the Reorganized Debtors filed their Amended Disclosure Statement and Amended Plan with the Bankruptcy Court and set the Disclosure Statement for Hearing on January 3, 2018.

On December 28, 2017, the United States Trustee filed a formal Objection to the adequacy of the Amended Disclosure Statement with the Bankruptcy Court. On December 29, 2017, the Creditors Committee also filed an Objection to the adequacy of the Amended Disclosure Statement with the Bankruptcy Court. Applicant communicated extensively with the Office of the United States Trustee and counsel for the Creditors Committee concerning the Objections prior to the Hearing on January 3, 2018.

After extensive negotiations and communication with the Office of the United States Trustee, Creditors Committee and counsel for the Bank, Applicant prepared and filed the Second Amended Disclosure Statement and Plan of Reorganization with the Bankruptcy Court on January 8, 2018 and set a hearing for the adequacy of the Second Amended Disclosure Statement on February 7, 2018. On February 5, 2018, the United States Trustee filed a formal Objection to the adequacy of the Second Amended Disclosure Statement.

In an effort to resolve the Objection filed by the Office of the United States Trustee, Applicant coordinated an extensive meeting with counsel for the Bank, the United States Trustee and Creditors Committee concerning the preparation of a Third Amended Disclosure Statement and Plan of Reorganization. This resulted in days of negotiations and the preparation and circulation of innumerable amendments to the Disclosure Statement and Plan. Ultimately, the parties were able to reach resolution of the objections and on February 9, 2018, Applicant prepared and filed behalf of the Reorganized Debtors a Third Amended Plan of Reorganization and Third Amended Disclosure Statement with the Bankruptcy Court. On February 13, 2018, the Bankruptcy Court held a hearing on the adequacy of the Disclosure Statement and requested additional amendments be made to the Third Amended Disclosure Statement and Third Amended Plan. The Applicant assisted the Reorganized Debtors in preparing the amendments and filing the Fourth Amended Disclosure Statement ("Disclosure Statement") and Fourth Amended Plan of Reorganization ("Plan") on February 13, 2018. On February 14, 2018, the Bankruptcy Court entered an Order approving the Disclosure Statement. The Plan, which was the product of extensive negotiations with the Bank, the Creditors Committee, and the United States Trustee, created two financial carveouts from the sale proceeds from the sale of the Bank's

collateral for the benefit of Administrative Expense creditors and unsecured creditors. Additionally, the Bank waived any deficiency claim.

Thereafter, Applicant forwarded the Disclosure Statement, Plan, Ballot and a letter from the Creditors Committee endorsing the Plan to all creditors and parties in interest. Applicant reviewed all Ballots filed by creditors with the Bankruptcy Court with respect to the Plan and prepared a Ballot Report summarizing the voting of creditors upon the Plan which was filed with the Bankruptcy Court. Additionally, Applicant prepared a Memorandum Supporting Confirmation of the Plan which was filed with the Bankruptcy Court on March 26, 2018. Applicant also worked with counsel for the Bank to prepare and file a Modification to the Plan. Applicant appeared on behalf of the Reorganized Debtors at two confirmation hearings on March 28, 2018. Applicant also coordinated the preparation of an Affidavit in Support of Confirmation of the Plan which was filed with the Bankruptcy Court on March 28, 2018. On March 28, 2018, the Bankruptcy Court entered an Order Confirming the Plan (as Modified).

The following individuals have performed services for the Debtor relating to the Plan and Disclosure Statement:

| Attorney Name | Time Spent | Total |
|---|---:|---:|
| Bradley T. Koch | 149.60 hours | $48,620.00 |
| Jocelyn L. Koch | 101.60 hours | $27,940.00 |
| **Total:** | **251.20 hours** | **$76,560.00** |

## DESCRIPTION OF COMPENSATION

Applicant has expended the following hours in advising and representing the Reorganized Debtors with respect to their bankruptcy proceeding from February 17, 2017 through March 28, 2018:

| Attorney Name | Time Spent | Total |
|---|---|---|
| Bradley T. Koch | 373.70 hours | $121,452.50 |
| Jocelyn L. Koch | 426.70 hours | $117,342.50 |
| Allison M. Huntley | 1.00 hours | $185.00 |
| **Total:** | **801.40 hours** | **$238,980.00** |

Additionally, since its retention as counsel for the Reorganized Debtor, Applicant has disbursed actual and necessary costs and expenses in the amount of $3,878.42 for the Reorganized Debtors. A complete itemized statement of the services rendered and disbursements made on behalf of the Reorganized Debtors relating to their bankruptcy proceeding appear on Exhibit A attached hereto and hereby incorporated by reference.

The rates charged by the Applicant are the usual and customary hourly rates charged by Applicant to other clients. The amounts requested are fair and reasonable given (a) the complexity of this case; (b) the time expended; (c) the nature and extent of services rendered; (b) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

This is Applicant's first and final fee application in this case. Previous compensation has not been sought. Consistent with the Order entered by this Court approving the retention of Applicant, David L. Geerts and Julie A. Norman-Geerts, Debtors, have paid to Applicant for the benefit of the Reorganized Debtors a retainer in the amount of $15,090.00, plus a filing fee in the amount of $1,717.00. Applicant is requesting the retainer and filing fee be applied to partially satisfy the compensation and expenses awarded to the Applicant and the balance to be paid by the Reorganized Debtors to Applicant.

Applicant has performed extensive services as set forth in this Application on behalf of the Reorganized Debtors in resolving the claims of a number of creditors and successfully reorganizing their business through the confirmation of their Plan for the benefit of the Reorganized Debtors, their creditors, and their bankruptcy estate. Nevertheless, as an accommodation to the Reorganized Debtors, creditors, and their estate, and to assist in the reorganization of their business, Applicant has voluntarily reduced the amount of its actual charges for professional compensation set forth in this Application by $75,000.00.

WHEREFORE, HolmstromKennedyPC respectfully requests the entry of an Order by this Court containing the following relief:

A.    Awarding professional compensation in the amount of $163,980.00 and reimbursement of expenses in the amount of $3,878.42 to HolmstromKennedyPC for services rendered and expenses incurred from February 17, 2017 through March 28, 2018;

B.    Authorizing HolmstromKennedyPC to apply the retainer paid by David L. Geerts and Julie A. Norman-Geerts, Reorganized Debtors, in the amount of $15,090.00, plus the filing fee in the amount of $1,717.00, in partial satisfaction of the award of professional compensation and expenses leaving a balance due of $151,051.42;

C.    Authorizing and directing David L. Geerts and Julie A. Norman-Geerts, Reorganized Debtors, to pay the balance of the allowed professional compensation and expenses in the amount of $151,051.42 to HolmstromKennedyPC consistent with the provisions of the Plan including, but not limited to, a distribution from the $100,000.00 carveout for administrative expenses; and

D.  For such other and further relief as the Court deems just and equitable.

Dated:  June **20** , 2018.                        David L. Geerts and
                                                   Julie A. Norman-Geerts, Reorganized
                                                   Debtors,

                                   BY:   HolmstromKennedyPC,
                                         Their Attorneys

                                   BY:   _____
                                         One of its Attorneys

ATTORNEY BRADLEY T. KOCH #3122997
ATTORNEY JOCELYN L. KOCH #6298482
HolmstromKennedyPC
800 North Church Street
P.O. Box 589
Rockford, IL 61105-0589
(815) 962-7071
bkoch@hkrockford.com
jkoch@hkrockford.com
4839-0727-8947, v. 1

19